UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENDOLL K. NALAN,<br><br>       Plaintiff,<br><br>  v.<br><br>ACCESS FINANCE, INC.,<br><br>       Defendant. | Case No.  5:20-cv-02785-EJD<br><br>**ORDER DENYING MOTION TO DISMISS COUNTERCLAIM**<br><br>Re: Dkt. No. 26 |

Pending before the Court is Plaintiff Kendoll K. Nalan's "Motion to Dismiss Access Finance, Inc.'s ("Access") Counterclaim," ("Mot.") filed on July 27, 2020. *See* Dkt. No 26. Access filed an opposition ("Opp.") on September 4, 2020. *See* Dkt. No. 34. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

**I.    BACKGROUND**

On April 22, 2020, Plaintiff filed this action against Access, alleging that Access violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Rosenthal Fair Debt Collection Practice Act ("RFDCPA"), Cal. Civ. Code § 1788. *See* Complaint ("Compl."), Dkt. No. 1. This case relates to a loan agreement signed by Plaintiff to help finance the purchase of her personal automobile. *Id.* ¶ 7. After falling behind on her scheduled payments in February 2019, Plaintiff began receiving unwanted collection calls from Access. *Id.* ¶ 8. According to Plaintiff, Access used an "automatic telephone dialing system" ("ATDS") to contact her. Plaintiff believes an ATDS was used by Access because the calls consisted of a noticeable pause after she would answer, lasting a handful of seconds, before a live representative began speaking. *Id.* ¶¶ 13, 23-

Case No.: 5:20-cv-02785-EJD
ORDER DENYING MOTION TO DISMISS COUNTERCLAIM

1  28. Plaintiff alleges that the calls persisted, even after she asked Access representatives to stop

2  calling her and also after Plaintiff became current on her payments. *Id.* ¶¶ 15, 18. In total,

3  Plaintiff received no less than 20 calls from Access since asking its representatives to stop

4  contacting her. *Id.* ¶ 19.

5  On July 2, 2020, Access answered the complaint and filed a counterclaim for breach of

6  contract. *See* Dkt. No. 12. In its Answer, Access asserts that Plaintiff provided "prior express

7  consent" within the meaning of the TCPA for all calls allegedly made by Access. *See id.* at 9 ¶ 45.

8  Additionally, Access alleges that in September 2018, it acquired all right, title, and interest of

9  seller-creditor in and to Plaintiff's auto loan agreement. *See id.* at 15 ¶ 7. Access further alleges

10 that Plaintiff defaulted in the payment of sums due on the loan agreement, and the current balance

11 on the loan is $ 1,778.00. *See id.* at 15 ¶¶ 8-9. Access seeks to recover the remaining balance as

12 well as interest and attorney's fees and costs. *See id.* at 15-16.

13 Plaintiff now moves to dismiss Access' counterclaim under Federal Rule of Civil Procedure

14 12(b)(1), arguing that there is no independent basis for jurisdiction over the counterclaim, and the

15 Court should decline to exercise supplemental jurisdiction over it. *See* Dkt. No. 26.

16 **II.   LEGAL STANDARD**

17 Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss for lack of

18 subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be either

19 facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court

20 is permitted to look beyond the complaint to extrinsic evidence. *See Wolfe v. Strankman*, 392 F.3d

21 358, 362 (9th Cir. 2004); *Savage v. Glendale Union High Sch., Dist. No. 205. Maricopa Cty.*, 343

22 F.3d 1036, 1040 n.2 (9th Cir. 2003). A facial challenge "asserts that the allegations contained in a

23 complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v.*

24 *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

25 Federal district courts have original jurisdiction over all civil actions "arising under the

26 Constitution, laws, or treaties of the United States," or where complete diversity of citizenship

27 exists and the matter in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. The Court

28 Case No.: 5:20-cv-02785-EJD
ORDER DENYING MOTION TO DISMISS COUNTERCLAIM
2

has original jurisdiction over Plaintiff's TCPA claim because it is a federal statute. The Court does not, however, have original jurisdiction over Access' counterclaim for breach of contract, because it arises under state law, and the parties have not alleged that there is complete diversity between the parties. Thus, the question before the Court is whether it may nevertheless exercise supplemental jurisdiction under 28 U.S.C. § 1367.

28 U.S.C. § 1367(a) grants federal courts supplemental jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 applies to both state-law claims brought by a plaintiff and to state-law counterclaims brought by a defendant.

Rule 13 of the Federal Rules of Civil Procedure governs the pleading requirements of counterclaims, and provides that a counterclaim may be either compulsory or permissive. *See* Fed. R. Civ. P. 13(a)-(b). Compulsory counterclaims are those claims arising "out of the transaction or occurrence that is the subject matter of the opposing party's claim," which do not "require adding another party over whom the court cannot acquire jurisdiction." *Id.* Permissive counterclaims are all counterclaims that are not compulsory. *Id.* In determining whether a claim is compulsory or permissive, courts must read the phrase "transaction or occurrence" liberally. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987).

To assist the courts in determining whether a counterclaim arises out of the same transaction or occurrence and is therefore compulsory, the Ninth Circuit developed the "logical relationship" test. *Id.* at 1249. Under this test, a claim is compulsory if the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* A logical relationship exists if the "same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005). Failure to bring a compulsory counterclaim bars a later assertion of that claim. *See* Fed. R. Civ. P. 13(a). As a result, federal courts traditionally have supplemental jurisdiction over compulsory counterclaims because "a plaintiff

would otherwise lose his opportunity to be heard on that claim." *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1069 (E.D. Cal. 2005) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)).

### III. DISCUSSION

Whether supplemental jurisdiction can be exercised over Access' counterclaim under § 1367 is a question of law. In this case, if Access' counterclaim is compulsory, supplemental jurisdiction exists and the inquiry ends. If, however, Access' counterclaim is permissive, the question is whether supplemental jurisdiction exists over those claims under § 1367(a). If yes, the next question is whether the Court should exercise its discretion to decline to assert supplemental jurisdiction over the claim.

#### A. Whether Access' Counterclaim is Compulsory

Thus, the first issue is whether Access' state-law counterclaim to collect the debt underlying Plaintiff's TCPA and RFDCPA claims is compulsory or permissive. Access argues that its counterclaim is compulsory because of the "factual overlap" between Plaintiff's contract breach and her receiving calls about the outstanding balance owed. *See* Opp. at 3. The Court is not persuaded.

First, Access contends its affirmative defenses and plan to introduce evidence to establish both its case in chief and its substantive defenses put its counterclaim at issue in the TCPA case. *Id*. However, § 1367(a) states that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ." 28 U.S.C. § 1367. By its plain language, therefore, the statute speaks only to the relationship between claims and counterclaims. It says nothing about the relationship of affirmative defenses to counterclaims.

Access proffers no reasoned basis to expand the meaning of § 1367 to include consideration of affirmative defenses, and the Court declines the invitation to do so. In doing so, the Court is mindful that "[f]ederal courts are courts of limited jurisdiction," and that as such, "it is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.*

Case No.: 5:20-cv-02785-EJD
ORDER DENYING MOTION TO DISMISS COUNTERCLAIM
4

1  *Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, the Court finds that the
2  proper consideration for supplemental jurisdiction is whether Access' counterclaims are "part of
3  the same case or controversy" as the TCPA and RFDCPA claims. *Accord Ensz v. Chase Bank*
4  *USA NA*, No. 18-CV-2065-CJW-MAR, 2019 WL 136982, at \*3 (N.D. Iowa Jan. 7, 2019); *Ader v.*
5  *SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1051 (D. Ariz. 2018); *Sparrow*, 385 F. Supp. 2d at
6  1069, n.3; *But see HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1198 (3d Cir. 1996)
7  (suggesting without analysis that defenses were relevant to § 1367 analysis).

8        Second, Access contends that because Plaintiff also asserts a claim under the RFDCPA, the
9  analysis required for this claim will encompass more factors related to a particular debtor-collector
10 relationship than a 'pure' TCPA case. Opp. at 3-4. However, Access cites no published cases
11 holding that a claim for the underlying debt in a FDCPA or RFDCPA action was held to be
12 compulsory. Though the Ninth Circuit has not specifically addressed whether a counterclaim for
13 the underlying debt in a Fair Debt Collection Practices Act claim is compulsory or permissive,
14 "most, if not all of the district courts within the Ninth Circuit . . . have determined that such a
15 counterclaim is permissive." *Marlin v. Chase Cardmember Servs.*, No. 1:09CV0192 AWI DLB,
16 2009 WL 1405196, at \* 3 (E.D. Cal. May 19, 2009); *see, e.g., Robles v. Ally Bank*, No.
17 12CV01013 AJB MDD, 2013 WL 28773, at \*2-6 (S.D. Cal. Jan. 2, 2013); *Campos v. W. Dental*
18 *Servs. Inc.*, 404 F. Supp. 2d 1164 (N.D. Cal. 2005); *Randall v. Nelson & Kennard*, No. CV-09-
19 387-PHX-LOA, 2009 WL 2710141, at \*4 (D. Ariz. Aug. 26, 2009); *Avery v. First Resolution*
20 *Mgmt. Corp.*, No. 06-1812 HA, 2007 WL 1560653, at \*5-9 (D. Or. May 25, 2007), *aff'd* 568 F.3d
21 1018 (9th Cir. 2009). The Eighth Circuit best stated the reasoning behind this in *Peterson v.*
22 *United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981):

> While the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another. Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts.

28 Case No.: 5:20-cv-02785-EJD
ORDER DENYING MOTION TO DISMISS COUNTERCLAIM
5

These FDCPA cases guide the analysis here, and the Court finds their position persuasive. Although one of the main elements of a FDCPA claim is the existence of an underlying debt, the Act was "designed to protect consumers who have been victimized by unscrupulous debt collectors," regardless of whether the plaintiff actually has a valid outstanding debt. *See Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Thus, because the Court does not find Access' counterclaim is compulsory, it is permissive.

### B. Whether Supplemental Jurisdiction Exists over Access' Permissive Counterclaim

As Access' counterclaim is permissive, the Court must determine whether supplemental jurisdiction exists over the claim. Permissive counterclaims require an independent basis for subject matter jurisdiction. *Otsuka v. Polo Ralph Lauren Corp.*, No. C 07-02780 SI, 2008 WL 2037621, at *3 (N.D. Cal. May 12, 2008) (citing *Iglesias v. Mut. Life Ins. Co. of New York*, 156 F.3d 237, 241 (1st Cir. 1998)). However, where there is no independent basis for jurisdiction, the Court may nevertheless exercise supplemental jurisdiction over the permissive counterclaims under 28 U.S.C. § 1367. *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004). Thus, the Court must determine whether the counterclaim is "so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Plaintiff argues that the Court lacks supplemental jurisdiction under § 1367(a) because Plaintiff's TCPA claim and Access' breach of contract are not part of the same "case or controversy." Specifically, Plaintiff argues that the parties' respective claims will rely on different facts, involve different witnesses, and apply different law. Mot. at 7-8. (citing *Castillo v. J.P. Morgan Chase Bank, N.A.*, No. 19-cv-04905-HSG, 2020 WL 496072 (N.D. Cal. Jan. 30, 2020). The Court disagrees with Plaintiff on this issue.

The Ninth Circuit has not definitively ruled on the question of whether supplemental jurisdiction under § 1367 can cover permissive counterclaims. However, at least two circuits have held that a federal court may exercise supplemental jurisdiction over certain permissive counterclaims. The Seventh Circuit has held that § 1367's "case or controversy" requirement

Case No.: 5:20-cv-02785-EJD
ORDER DENYING MOTION TO DISMISS COUNTERCLAIM
6

applies to both compulsory and permissive counterclaims. *See Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996) ("Now that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the language of the statute to define the extent of their powers."). Several district courts within the Ninth Circuit have followed the Seventh Circuit's holding in *Channell*. *See Clear Connection Corp. v. Comcast Cable Commc'ns Mgmt., LLC*, 149 F. Supp. 3d 1188, 1207 n.8 (E.D. Cal. 2015); *see, e.g., Sparrow*, 385 F. Supp. 2d at 1070; *Koumarian v. Chase Bank USA, N.A.*, No. C-08-4033 MMC, 2008 WL 5120053, at *3 (N.D. Cal. Dec. 3, 2008); *Avery*, 2007 WL 1560653, at *5-9; *Campos*, 404 F. Supp. 2d at 1168 (finding that permissive counterclaims may qualify for supplemental jurisdiction under § 1367 if the counterclaim forms part of the same case or controversy).

Further the Second Circuit found that the scope of § 1367(a) is at least as broad as the pre-§ 1367 "common nucleus of operative fact" test as delineated in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). *See Jones*, 358 F.3d at 212. Under this test, state and federal law claims must "derive from a common nucleus of operative fact" in order for the court to exercise supplemental jurisdiction over the state law claims. *Gibbs*, 383 U.S. at 725. Here, Access' counterclaim, although not arising out of the same "transaction or occurrence" as Plaintiff's TCPA claim, still derives from a "common nucleus of operative fact," in that both parties' claims are related to the same underlying debt owed by Plaintiff to Access. Access would not have called Plaintiff in the manner it allegedly did, which serves as the basis for Plaintiff's RFDCPA and TCPA claims, if Plaintiff did not owe Access a debt. Access' permissive counterclaim thus satisfies the *Gibbs* test, and the Court may therefore exercise supplemental jurisdiction over the counterclaim.

As such, the Court is inclined to follow the majority of Ninth Circuit district courts cited above, and finds that supplemental jurisdiction exists over Access' breach of contract counterclaim related to the debt underlying Plaintiff's TCPA and RFDCPA claims. *See Sparrow*, 385 F. Supp. 2d at 1070 ("[B]ecause [d]efendant's counterclaims bear a logical and factual relationship to Plaintiff's claims in that they are related to a single debt incurred by Plaintiff,

Case No.: 5:20-cv-02785-EJD
ORDER DENYING MOTION TO DISMISS COUNTERCLAIM
7

1  supplemental jurisdiction exists over [d]efendant's counterclaims under § 1367(a)."). Here, both

2  Plaintiff's and Access' claims are related to the underlying automobile loan debt owed by Plaintiff

3  to Access. These claims may be fairly classified as part of the same "case or controversy" and

4  therefore, the Court may exercise supplemental jurisdiction over Access' counterclaim pursuant to

5  28 U.S.C. § 1367(a).

### C. Exceptional Circumstances

Even if supplemental jurisdiction exists, district courts may decline to exercise supplemental jurisdiction over a counterclaim or third-party claim if: (1) it raises a novel or complex issue of state law; (2) it substantially predominates over the claim(s) over which the court has original jurisdiction; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The Supreme Court has identified additional factors that district courts should consider when deciding whether to exercise supplemental jurisdiction, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

Plaintiff asserts this matter implicates subsection § 1367(c)(4). She argues that even if the Court has supplemental jurisdiction over Access' counterclaims, the Court should decline to exercise such jurisdiction due to the "chilling impact such retaliatory counterclaims have on TCPA litigants." Mot. at 9. Therefore, Plaintiff urges the Court decline to exercise its jurisdiction under § 1367(c)(4).

Several district courts within the Ninth Circuit have agreed with Plaintiff on this issue. *See Robles*, 2013 WL 28773, at *5. These courts noted that the FDCPA's primary purpose is to protect individuals from unfair debt collection practices, so "strong public policy reasons exist for declining to exercise jurisdiction" over debt collector defendants' counterclaims. *See Campos*, 404 F. Supp. 2d at 1170. These courts have also recognized that exercising supplemental jurisdiction over defendants' debt collection counterclaims based on the underlying debt might

Case No.: 5:20-cv-02785-EJD
ORDER DENYING MOTION TO DISMISS COUNTERCLAIM
8

have a "chilling effect" on plaintiffs "who otherwise might and should bring suits under the FDCPA." *Sparrow*, 385 F. Supp. 2d at 1071 ("Given the remedial nature of the FDCPA 'and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of . . . the target of the very legislation under which' a FDCPA plaintiff states a cause of action.") (quoting *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48, 50 (W.D.N.Y. 1987)). Although a plaintiff should not "expect a court to tolerate evasion of lawful debts," the Seventh Circuit has held that "arguments under § 1367(c) are addressed to the district court's discretion." *See Channell*, 89 F.3d at 386-87.

As such, the Court chooses to exercise its jurisdiction over Access' counterclaim. While strong public policy reasons may exist for declining jurisdiction in FDCPA cases where a plaintiff's potential recovery is relatively low, here Plaintiff has a federal TCPA claim in addition to her state-law RFDCPA claim. Plaintiff's alleged damages for her TCPA claim alone are over $ 10,000. Compl. at 5. In contrast, Plaintiff owes Access $ 1,778 plus interest for her underlying automobile loan debt. Answer at 15. Given the relatively small amount of debt owed compared to the large amount sought by Plaintiff, the likelihood of Access' counterclaims having a "chilling effect" on Plaintiff's TCPA claim is much lower than in the FDCPA cases cited above.

Additionally, district courts within the Ninth Circuit have found that hearing a defendant's counterclaims under supplemental jurisdiction promotes judicial economy and efficiency. *See Koumarian*, 2008 WL 5120053, at *3 ("the exercise of supplemental jurisdiction in the instant action will promote the goals of judicial economy and efficiency, as all claims related to the alleged debt . . . will be resolved in a single action."); *see also Delgado v. Orchard Supply Hardware Corp.*, 826 F. Supp. 2d 1208, 1221 (E.D. Cal. 2011) ("[i]f this court forced plaintiff to pursue his state law claims in state court, the result would be two highly duplicative trials, constituting an unnecessary expenditure of plaintiff's, defendant's, and the two courts' resources."). Here, the Court hearing Access' breach of contract counterclaim under supplemental jurisdiction will permit this matter to move through the judicial system more efficiently, as all claims regarding the underlying debt will be adjudicated in a single action.

Case No.: 5:20-cv-02785-EJD
ORDER DENYING MOTION TO DISMISS COUNTERCLAIM

Thus, the Court finds compelling reasons to exercise its supplemental jurisdiction over Access' permissive counterclaim.

### IV. CONCLUSION

For the foregoing reasons, the motion to dismiss Access' breach of contract counterclaim is **DENIED.**

**IT IS SO ORDERED.**

Dated: October 23, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-02785-EJD
ORDER DENYING MOTION TO DISMISS COUNTERCLAIM
10