UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENDOLL K. NALAN,<br><br>Plaintiff,<br><br>v.<br><br>ACCESS FINANCE, INC.,<br><br>Defendant. | Case No. 5:20-cv-02785-EJD<br><br>**ORDER GRANTING MOTION TO DISQUALIFY COUNSEL**<br><br>Re: Dkt. No. 33 |

Defendant Access Finance, Inc. ("Access") moves the Court to disqualify and/or revoke the pro hac vice application of Nathan C. Volheim to act as counsel for Plaintiff Kendoll K. Nalan. *See* Dkt. No. 33. Plaintiff has filed an opposition ("Opp."), to which Access has replied. ("Reply"). *See* Dkt. Nos. 35, 39. Access' motion to disqualify is **GRANTED**.

**I.    BACKGROUND**

On July 16, 2020, Plaintiff's counsel Nathan C. Volheim filed a pro hac vice application. Dkt. No. 16. Mr. Volheim, a licensed Illinois attorney, was permitted to appear before this Court pro hac vice on July 7, 2020. Dkt. No. 18. Access challenges Mr. Volheim's pro hac vice application primarily on the grounds that his application is in violation of the express requirements of Civil Local Rule 11-3. Access contends that Mr. Volheim is not entitled to pro hac vice status under Local Rule 11-3(b) because since 2018, Mr. Volheim has appeared as counsel in twenty-eight matters that were adjudicated in California federal district courts. Thus, Access argues that Mr. Volheim has regularly engaged in the practice of law in the state of California.

**II.   LEGAL STANDARD**

Admission to appear pro hac vice in an action pending in the Northern District of

1  California is governed by Civil Local Rule 11-3.  Pursuant to Local Rule 11-3, an attorney who is
2  a member in good standing and eligible to practice before the Bar of any United States Court or of
3  the highest Court of any State may in a particular case be permitted to practice within this judicial
4  district on a pro hac vice basis upon application and discretion of this Court.  However, Local Rule
5  11-3(b) specifically prohibits an attorney from being admitted pro hac vice if the applicant:

> (1) resides in the State of California; or (2) is regularly engaged in the practice of law in the state of California

8  The disqualification is not applicable only if the applicant (1) has been a resident of California for
9  less than one year; (2) has registered with, and completed all required applications for admission
10 to, the State Bar of California; and (3) has officially registered to take or is awaiting his or her
11 results from the California State Bar exam.  Civil L.R. 11-3(b).
12         "Pro hac vice counsel, once admitted, are entitled to notice and an opportunity to respond
13 before being disqualified and having their status revoked." *Cole v. U.S. Dist. Court For Dist. of*
14 *Idaho*, 366 F.3d 813, 822 (9th Cir. 2004); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101 (9th
15 Cir. 2005) (court may revoke pro hac vice status following notice and an opportunity to respond);
16 *Curtis v. BCI Coca-Cola Enterprises Bottling Companies*, No. 1:13-CV-1939 AWI-BAM, 2014
17 WL 4417741, at *4 (E.D. Cal. Sept. 5, 2014) (court has discretion to revoke pro hac vice status).
18 However, "there is no fundamental right to appear pro hac vice." *Paciulan v. George*, 38 F. Supp.
19 2d 1128, 1144 (N.D. Cal. 1999), *aff'd*, 229 F.3d 1226 (9th Cir. 2000) (citing *Leis v. Flynt*, 439
20 U.S. 438, 443 (1979)).  A district court's revocation of pro hac vice status falls within "the scope
21 of the inherent power of the federal courts" because "a federal court has the power to control
22 admission to its bar and to discipline attorneys who appear before it." *Lasar*, 399 F.3d at 1118
23 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *see also Baker v. Cottrell, Inc.*, No.
24 1:16-CV-00840 DAD-SAB, 2017 WL 3479004, at *3 (E.D. Cal. Aug. 14, 2017) ("When a district
25 court admits an attorney pro hac vice, the attorney is expected to follow local rules.") (quoting *In*
26 *re Bundy*, 840 F.3d 1034, 1047 (9th Cir. 2016)).

28 Case No.: 5:20-cv-02785-EJD
ORDER GRANTING MOTION TO DISQUALIFY COUNSEL

## III. JUDICIAL NOTICE

Access also requests the Court take judicial notice of PACER search results listing the twenty-eight California federal district court cases in which Mr. Volheim has appeared in since April 2018. Request for Judicial Notice in Support of Defendant Access Finance, Inc.'s Motion to Disqualify Nathan Volheim, ESQ. ("RJN"), Dkt. No. 33-1. Plaintiff has not opposed Access' request.

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds*; *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002); *see* Fed. R. Evid. 201(b). Moreover, courts "may take judicial notice of court filings." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court has confirmed through its own search that Mr. Volheim has appeared in the twenty-eight listed cases and more specifically, sought pro hac vice status in twenty-five of the cases, nine of which were before this Court. The Court thus takes judicial notice of these appearances.

## IV. DISCUSSION

In the case at bar, Mr. Volheim does not dispute the purported twenty-eight appearances he has made in California federal courts since April 2018. Opp. at 3. He argues, however, that courts in California have noted the extent to which the "regularly practices" analysis is not as simple as counting the number of appearances in front of a court. *Id*. Indeed, this Court in *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2015 WL 1474866 (N.D. Cal. Jan. 14, 2015), has previously considered a number of factors to determine whether a pro hac vice admitted attorney impermissibly regularly engaged in the practice of law in a number of cases where the attorney appeared or sought to appear. In *Ang*, the court noted that the Ninth Circuit has held that conduct does not rise to the level of appearances before the court where an attorney:

> "never appeared or argued in front of the district court, nor did he sign briefs. He had the role of advising his [co-counsel] and reviewing pleadings, which he did with minimal, nonexclusive contact with the

Case No.: 5:20-cv-02785-EJD
ORDER GRANTING MOTION TO DISQUALIFY COUNSEL
3

>client and no communication with opposing counsel. Moreover, [the attorney] did not even physically enter the State of California in connection with the prosecution of this case."

*Id.* at * 3 (citing *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 824 (9th Cir. 2009)). In *Ang*, the factors considered included whether the attorney physically appeared in cases, was responsible for meeting or communicating with clients, was the sole or primary counsel, was having contact with opposing counsel, was signing papers filed with the court, or otherwise arguing cases. *Id.* The Court allowed the attorney's pro hac vice status to continue because the attorney filtered his work through an in-state attorney, did not sign briefs or argue cases, and his work was limited to activities conducted outside the border of California such as legal research and advising co-counsel. *Id.* In light of these factors, the *Ang* court reasoned that it was not clear whether the attorney had "appeared" in California, much less regularly engaged in the practice of law in this state. *Id.*

The Court finds the factors considered in *Ang* to be persuasive in determining whether Mr. Volheim is regularly engaged in the practice of law in California. Mr. Volheim did not submit any declaration with Plaintiff's opposition. Instead, he argues that the twenty-eight cases cited by Access, underscore that he had co-counsel every time and that many of those cases had "little-to-no involvement by the undersigned, often involving prompt settlement of resolution following the grant of the undersigned's pro hac vice admission." Opp. at 3-4. Furthermore, Mr. Volheim contends that at this stage in the litigation, it would be contrary to the speedy and efficient resolution of the matter if the Court were to disqualify him as Plaintiff's counsel. *Id.* at 4. The Court is not persuaded by either argument.

First, a review of the cases in which Mr. Volheim has been granted pro hac vice status reveals that he was often the counsel who signed documents filed with the court and who made appearances on behalf of his clients in case management conferences for instance. While Mr. Volheim attempts to diminish the court involvement in the cases in which he was granted pro hac vice status, Mr. Volheim has filed a motion for default judgment in one recent case and opposition

Case No.: 5:20-cv-02785-EJD
ORDER GRANTING MOTION TO DISQUALIFY COUNSEL
4

briefs in response to dispositive motions in two other cases.[1]  Taking all of this into consideration, the Court finds that Mr. Volheim has regularly engaged in the practice of law in California.

Second, Mr. Volheim argues that disqualifying or revoking his pro hac vice status would be detrimental to the efficient resolution of this matter.  The Court does not consider this argument because it is not a factor considered in any California precedent.  Even if the Court were to consider the argument, Plaintiff is currently also represented by local counsel, Nicholas M. Wadja.  Furthermore, an attorney who is also associated with Mr. Volheim's firm has recently filed a notice of appearance in this case.  *See* Dkt. No. 37.  There is no indication that these attorneys are incapable of pursuing this litigation or that the efficient resolution of the matter would be affected.

Thus, the Court concludes that Mr. Volheim's regular practice of law in the state of California renders him incompatible for pro hac vice status.

## V. CONCLUSION

For all of the above reasons, the Court **GRANTS** Defendant Access' motion to disqualify.  The pro hac vice status of Attorney Nathan C. Volheim is **REVOKED** with prejudice.

**IT IS SO ORDERED.**

Dated: October 23, 2020

_____
EDWARD J. DAVILA
United States District Judge

---

[1] *See Frazier v. American Credit Resolution, Inc.*, 3:2018-cv-07729-TSH; *Driscoll v. Anaya Law Group*, 8:2018-cv-02309-AJG; *Schneider v. Rash, Curtis and Assoc.*, 2:2019-cv-01119-MWF

Case No.: 5:20-cv-02785-EJD
ORDER GRANTING MOTION TO DISQUALIFY COUNSEL
5